```
       IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**CHRISTINA JACOBS,**

       **Plaintiff,**

v.                     //     CIVIL ACTION NO. 1:12CV131
                                      (Judge Keeley)

**ALICIA WILSON,**[1]

       **Defendants.**

### MEMORANDUM OPINION AND ORDER
### ADOPTING REPORT AND RECOMMENDATION [Dkt. No. 47]

Pending before the Court is the magistrate judge's Report and Recommendation, (dkt. no. 47), concerning the defendant, Alicia Wilson's, ("Wilson") motion to dismiss, or in the alternative, motion for summary judgment (dkt. no. 12). For the reasons that follow, the Court **ADOPTS** the Report and Recommendation.

### I. Introduction

On August 21, 2012, the pro se plaintiff, Christina Jacobs ("Jacobs"), an inmate formerly incarcerated at SFF Hazelton,[2] filed a Civil Rights Complaint Form. Dkt. No. 1. Later, on September 18, 2012, she refiled her complaint on a court-approved Bivens form.

---

[1] The plaintiff also names the United States as a defendant. However, as recognized in the Order to Answer, (dkt. no. 22), the United States is not a proper defendant in a Bivens action.

[2] The allegations raised in plaintiff's complaint took place at SFF Hazelton. However, plaintiff has since been transferred to CI WASECA.

**JACOBS V. WILSON**                                                1:12CV131

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

Dkt. No. 8. On September 24, 2012, the Court granted Jacobs leave to proceed *in forma pauperis.* Dkt. No. 13.

Wilson filed a motion to dismiss, or in the alternative, for summary judgment, on March 26, 2013. Dkt. No. 33. On April 2, 2013, Wilson filed a memorandum in support of her motion.

The Court referred Wilson's motion to United States Magistrate Judge John S. Kaull for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. Judge Kaull issued an R&R on the motion on August 16, 2013. In the R&R, he recommended that Wilson's motion be granted, since Jacobs had failed to exhaust her administrative remedies, and because she did not adequately state a claim under either the Eighth Amendment or the Federal Tort Claims Act ("FTCA"). Dkt. No. 47.

Jacobs filed objections to the R&R on September 12, 2013, (dkt. nos. 50 & 51), contending that the magistrate judge had concluded inaccurately that dismissal was proper because Jacobs had failed to exhaust her administrative remedies and failed to properly state a claim under the Eighth Amendment for ineffective medical assistance. After conducting a <u>de</u> <u>novo</u> review of the portions of the R&R to which Jacobs objects, the Court concludes that her objections are without merit.

**JACOBS V. WILSON**                                              **1:12CV131**

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

### II. Facts

Jacobs alleges that she injured her right leg while performing step aerobics in May of 2010. Dkt. No. 8 at 9. She was seen for treatment of her injury by Wilson, a physician's assistant, on June 24, 2010 at SFF Hazelton. Id.

Wilson performed an examination on Jacobs' right leg that included palpitation. Id. After completing her examination, Wilson concluded that Jacobs' injury was likely tendinitis, and she prescribed indomethacin, an anti-inflammatory drug. Id.

Jacobs continued to experience pain in her right leg, even after taking the prescribed medication. On July 8, 2010, she was transferred from SFF Hazelton to FPC Marianna, where she received further treatment for her leg injury. The doctors at FPC Marianna performed x-rays and determined that Jacobs had a stress fracture in her right leg. Jacobs alleges that she has and continues to suffer pain due to this injury and the inadequate treatment she received from Wilson.

Jacobs seeks to bring two actions stemming from her alleged injuries and inadequate treatment–a Bivens action against Wilson and a FTCA suit against the United States. Dkt. No. 46 at 1. She seeks $810,000 in compensatory damages, $75,000 in nominal damages

3

**JACOBS V. WILSON** 1:12CV131

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

and $75,000 in punitive damages, as well as reasonable fees and costs.

### III. Standard of Review

**A. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a case when a complaint fails to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is inappropriate unless it appears beyond doubt that the plaintiff cannot prove any set of facts to support his or her allegations. Revene v. Charles County Comm'rs, 882 F.2d 870 (4th Cir. 1989). Courts, however, are not required to accept conclusory allegations couched as facts and nothing more when ruling on a motion to dismiss pursuant to 12(b)(6). A complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct.1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss a plaintiff must state a plausible claim in his complaint that is based on cognizant legal authority and includes more than conclusory or speculative factual

**JACOBS V. WILSON**                                                                            **1:12CV131**

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

allegations. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id.; see also Nemet Chevrolet, Ltd. v. Comsumeraffairs.com, Inc., 591 F.3d 250 (4th Cir. 2009). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Id.

    Whether a complaint is legally sufficient is measured by whether it meets the standards for a pleading stated in the Federal Rules of Civil Procedure. See Fed.R.Civ. P 8 (providing general rules of pleading), Fed.R.Civ. P. 9 (providing rules for pleading special matters), Fed.R.Civ. P. 10 (specifying pleading form), Fed.R.Civ. P. 11 (requiring the signing of a pleading and stating its significance), and Fed.R.Civ. P. 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.) Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009).

    Jacobs is representing herself, which requires the Court to liberally construe her pleadings. Estelle v. Gamble, 429 U.S. 97,

**JACOBS V. WILSON** **1:12CV131**

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

97 S.Ct. 285, 50 L.Ed.2d 251(1976); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(per curiam); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). While pro se pleadings are held to a less stringent standard than those drafted by attorneys, Haines, 404 U.S. at 520, even under this less stringent standard, a pro se complaint is still subject to dismissal. Id. at 520-21. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for her. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985).

Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30 (1st Cir. 2001)(cited with approval in Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395 (4th Cir. 2006) (unpublished)). There are, however, exceptions to the rule that a court may not consider

6

JACOBS V. WILSON                                               1:12CV131

### MEMORANDUM OPINION AND ORDER
### ADOPTING REPORT AND RECOMMENDATION

any documents outside of the complaint. Specifically, a court may consider official public records, "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice," or sources "whose accuracy cannot reasonably be questioned." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462 (4th Cir. 2011).

**B. Motion for Summary Judgment**

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56©). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the

JACOBS V. WILSON                                              1:12CV131

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

motion and of establishing the nonexistence of genuine issues of fact. Celotex, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita, 475 U.S. at 586. The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.' Anderson, 477 U.S. at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, 475 U.S. at 587.

### IV. Analysis

**A. Exhaustion of Administrative Remedies**

The Prisoner Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner...until such administrative remedies as are available are

8

**JACOBS V. WILSON**                                                                 **1:12CV131**

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the [Prisoner Litigation Reform Act] and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); see 42 U.S.C. § 1997e(a) (2006) (requiring exhaustion of available remedies). In order to exhaust, a prisoner must utilize all available steps of a multi-step grievance process according to their procedural requirements; exhaustion does not occur if the prisoner fails to follow these required steps. See 28 C.F.R. §§ 542.12 to 542.15 (2012); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

As the R&R explains in detail, the Bureau of Prison's ("BOP") grievance procedure consists of a four-step administrative process. First, a prisoner must attempt to reach an informal resolution with the prison staff. If the prisoner is unable to reach an informal resolution, then she must file a written complaint to the prison warden within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, she may appeal to the regional director of the BOP within 20 days of receiving the warden's response. Finally, the prisoner may then appeal to the Office of General

**JACOBS V. WILSON**                                                  **1:12CV131**

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

Counsel within 30 days of the date the Regional Director signed the response.

An inmate will be deemed to have exhausted her administrative remedies when she has filed her complaint at all four levels. 8 C.F.R. §§ 542.10-542.15. Here, the record establishes that Jacobs filed twenty requests for administrative remedies while in the custody of the BOP, eight of which pertain to the injury at issue in this case. Dkt. No. 33-3 at 2.

In the instant case, Jacobs has raised three claims against Wilson: 1) that she failed to order an x-ray; 2) that she failed to prescribe effective pain medication; and 3) that she failed to make a referral to an orthopedic specialist. Notably, none of Jacobs' grievances within the BOP include an allegation that Wilson failed to prescribe effective pain medication. Therefore, this claim has not been exhausted.

Furthermore, with respect to Jacobs' claims that Wilson failed to refer her to an orthopedic specialist and did not order an x-ray, Jacobs did not specifically identify Wilson or her treatment at Hazelton in her grievances. The record indicates that Jacobs did not begin the administrative remedy process until six months after her treatment with Wilson, when she had already been

10

**JACOBS V. WILSON**                                                                    **1:12CV131**

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

transferred from SFF Hazelton to FCI Marianna. Nowhere in Jacobs' grievances does she state that her alleged medical problems were a consequence of the care she received from Wilson at SFF Hazelton. As such, she failed to exhaust her administrative remedies before bringing this action.

**B. Eighth Amendment Claim**

Jacobs argues that Magistrate Judge Kaull improperly concluded that she failed to state a viable Eight Amendment claim. She asserts that, contrary to the magistrate judge's findings, she adequately established that her injury was "sufficiently serious" and that Wilson exhibited deliberate indifference while treating her. Jacobs' objections are without merit.

In order to state a viable Eighth Amendment claim for ineffective medical assistance, a plaintiff must establish that the defendant acted with deliberate indifference to her serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Further, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must establish that: 1) the deprivation of a basic human need was "sufficiently serious" and 2) that the defendant acted with a "sufficiently culpable" state of mind. Wilson v. Seiter, 501 U.S. 294, 298 (1991).

11

**JACOBS V. WILSON** 1:12CV131

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

A "sufficiently serious" medical condition is one that has either been diagnosed by a physician as mandating treatment or so obvious that even a lay person would understand that medical attention is necessary. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990). Additionally, a medical condition is "sufficiently serious" if a delay in treatment has caused a lifelong handicap or loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347, (3rd Cir. 1987).

In order to establish that the defendant acted with a "sufficiently culpable" state of mind, the plaintiff must show that the defendant acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference goes beyond a finding of negligence. It requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Furthermore, "to establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate or excessive as to sock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th

**JACOBS V. WILSON** 1:12CV131

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

Cir. 1990). A plaintiff can illustrate that she has experienced a constitutional violation when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." Morales Feliciano v. Calderon Serra, 300 F.Supp. 2d 321, 341 (D.P.R. 2004).

Contrary to her objection, Jacobs has failed to show that Wilson's treatment of her injury rises to the level of a constitutional violation. First, she has failed to prove that her injury was "sufficiently serious." Jacobs had not sought treatment for her leg injury before visiting Wilson, so she cannot prove that a prior physician had examined her and determined that her medical condition was sufficiently serious. Additionally, her leg injury does not appear to be one that a lay person would identify as needing immediate medical attention. Alternatively, Jacobs has not established that the failure to adequately treat her injury has resulted in a lifelong handicap or loss.

Jacobs has also not established that Wilson acted with a "sufficiently culpable" state of mind. Wilson performed a thorough

**JACOBS V. WILSON** 1:12CV131

### MEMORANDUM OPINION AND ORDER
### ADOPTING REPORT AND RECOMMENDATION

medical examination of Jacobs before reaching a reasonable conclusion regarding her diagnosis of the problem. In no way does Jacobs allege facts establishing that Wilson's treatment of her leg injury was "grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851.

Further, to the extent that Jacobs may be alleging that Wilson's care for her amounted to malpractice, ordinary medical malpractice does not rise to the level of a valid Eighth Amendment claim. Estelle, 429 U.S. at 106. Thus, Jacobs has failed to sufficiently plead an Eight Amendment claim for inadequate medical assistance.

**C. FTCA Claim**

Jacobs does not object to Magistrate Judge Kaull's findings on her FTCA claim. After a de novo review, the Court finds that Magistrate Judge Kaull did not clearly err when he made the recommendation regarding this claim.

Jacobs failed to bring her FTCA claim before first exhausting her administrative remedies. She filed her administrative tort claim on August 13, 2012 and initiated the instant action on August 21, 2012. However, Jacobs' administrative tort claim was

**JACOBS V. WILSON** 1:12CV131

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION**

not rejected until March 19, 2013, leading inevitably to the conclusion that her FTCA claim in this action is untimely.

Additionally, Jacobs has not met the requirements for filing a claim under the FTCA. The FTCA permits the United States to be held liable in tort in the same respect that a private person may be held liable under the law of the state where the act occurred. Medina v. United States, 259 F.3d 200, 223 (4th Cir. 2001). Under West Virginia law, certain requirements must be met before a health care provider can be sued. See W.Va. Code § 55-7B-6, which requires that, at least thirty days prior to filing an action against a health care provider, that a claimant submit a notice of claim to each defendant containing a statement of the theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. Id. Jacobs has not complied with these provisions. Thus, the magistrate judge properly concluded that her attempt to allege an FTCA claim in this action must be denied.

### V. Conclusion

In conclusion, Jacobs' objections to the R&R are without merit. The Court therefore:

**JACOBS V. WILSON**                                                                 **1:12CV131**

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

1. **OVERRULES** Jacobs' objections to the Report & Recommendation (dkt. nos. 50 & 51);

2. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 47);

3. **GRANTS** Wilson's motion to dismiss, or in the alternative, motion for summary judgment (dkt. no. 33);

4. **DISMISSES WITH PREJUDICE** Jacobs' complaint; and

5. **DIRECTS** the Clerk to remove this case from its active docket.

If Jacobs should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within (30) days from the date of the entry on the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record, all appropriate agencies, and the pro se plaintiff, certified mail, return receipt requested.

DATED: December 9, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE